This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                       **No. A-1-CA-35983**

**SHAWN PARIS,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Lyndy D. Bennett, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Robert E. Tangora
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}    Defendant appeals his convictions for criminal sexual penetration in the first degree (Child under 13), and two counts of criminal sexual contact in the third degree

(Child under 13). We issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition. We affirm.

{2}    **Issue 1:** Defendant continues to challenge the denial of his motion to suppress. [MIO 4] "In reviewing a district court's ruling on a motion to suppress, we observe the distinction between factual determinations[,] which are subject to a substantial evidence standard of review[,] and application of law to the facts, which is subject to de novo review." *State v. Bravo*, 2006-NMCA-019, ¶ 5, 139 N.M. 93, 128 P.3d 1070 (alteration, internal quotation marks, and citation omitted). "Determining whether or not a police interview constitutes a custodial interrogation requires the application of law to the facts." *State v. Nieto*, 2000-NMSC-031, ¶ 19, 129 N.M. 688, 12 P.3d 442.

{3}    Here, Defendant was contacted by a detective and asked if he would come to the police station to discuss a report that his ten-year-old stepdaughter had been sexually abused. [MIO 1; DS 1] Defendant appeared with his attorney, and the detectives advised them that this was a voluntary meeting and Defendant was free to leave. [MIO 1; DS 1] Defendant's counsel then reiterated to Defendant that this was a voluntary visit and he was free to leave. [DS 1] Defendant's attorney told Detectives that he had informed Defendant of his rights, including the right to remain silent. [RP 212] Detectives asked Defendant if he would take a polygraph test and he agreed. [MIO 1; DS 2] At this point Defendant's attorney left. [MIO 1; DS 2] In the

examination room, Defendant was advised of his *Miranda* rights and he signed a written waiver. [MIO 1-2; DS 2] After the examination Defendant was told that he failed, and was taken to another room where he was questioned for over a two-hour period, during which time he made inculpatory statements that were the subject of the motion to suppress. [MIO 2; DS 2] The district court ruled that Defendant did not need to be *Mirandized* because there was no custodial interrogation; the court did not address whether Defendant had in fact been sufficiently *Mirandized*. [RP 213]

**{4}** The district court's ruling is supported by *Bravo*, 2006-NMCA-019. In *Bravo*, the defendant was questioned at a police station after officers asked her if she would be willing to give a second statement following the death of her son. *Id.* ¶¶ 1, 12. She voluntarily drove to the police station and was interrogated for approximately two hours. *Id.* ¶¶ 12-13. During the course of the interview, she was not placed in handcuffs. *Id.* ¶ 13. Despite essentially confessing to the crime of child abuse resulting in death, she was free to leave the station at the conclusion of the interview. *Id.* This Court found that, given these facts, substantial evidence supported the district court's finding that the defendant was not in custody and therefore was not entitled to *Miranda* warnings. *Id.*

**{5}** Similarly here, Defendant had voluntarily come to the police station, and had been told that he was free to go. *Cf. State v. Olivas*, 2011-NMCA-030, ¶¶ 11-12, 15,

3

149 N.M. 498, 252 P.3d 722 (finding custodial interrogation where the defendant had agreed to meet with officers, was handcuffed while being transported in a police vehicle—although interrogated without handcuffs—and had never been told that he was free to go). Defendant's subjective belief that he was not free to go is irrelevant to the objective test that governs the custodial interrogation issue. *See State v. Munoz*, 1998-NMSC-048, ¶ 40, 126 N.M. 535, 972 P.2d 847.

{6} Even assuming, arguendo, that Defendant had been subject to custodial interrogation after the polygraph test, he had been *Mirandized* prior to taking the test, and signed a waiver to that effect. [MIO 1-2; DS 2] To the extent Defendant is arguing that he had to be *Mirandized* a second time after he failed the polygraph test, repeated *Miranda* warnings are not necessary where a defendant has been made aware of his rights. *See State v. Gilbert*, 1982-NMSC-095, ¶ 12, 98 N.M. 530, 650 P.2d 814 (holding that *Miranda* warnings did not have to be given again where a second interview of the defendant had taken place hours after he was *Mirandized*).

{7} **Issue 2:** Defendant continues to challenge the sufficiency of the evidence to support his convictions. [MIO 5] A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that

4

each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 1994-NMSC-121, ¶ 6, 118 N.M. 762, 887 P.2d 756 (internal quotation marks and citations omitted).

{8}    Defendant's argument is that the State could not rely on his confession because its trustworthiness was not established under the corpus delicti rule. [MIO 5] *See State v. Weisser*, 2007-NMCA-015, ¶ 10, 141 N.M. 93, 150 P.3d 1043 (stating that the corpus delicti rule provides that "unless the corpus delicti of the offense charged has been otherwise established, a conviction cannot be sustained solely on the extrajudicial confessions or admissions of the accused" (alteration, internal quotation marks, and citation omitted)), *abrogated on other grounds as recognized by State v. Bregar*, 2017-NMCA-028, ¶ 49, 390 P.3d 212. However, in this case the convictions were not based solely on Defendant's confession. The victim's statements, through her trial testimony and Child Haven interview, provided independent evidence of the crimes. [RP 122-26] To the extent that Defendant is challenging inconsistencies in the trial testimony and the interview, it was the role of the jury to resolve these conflicts. *See State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176.

{9}    For the reasons set forth above, we affirm.

**{10}** **IT IS SO ORDERED.**

_____

**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____

**LINDA M. VANZI, Chief Judge**

_____

**MICHAEL E. VIGIL, Judge**

6